Filed 9/6/22  P. v. Bain CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>     Plaintiff and Respondent,<br><br>          v.<br><br>THOMAS BAIN,<br><br>     Defendant and Appellant. | F083498, F083499<br><br>(Super. Ct. Nos. F20907735,<br>F20905361)<br><br>**OPINION** |

### THE COURT<sup>*</sup>

APPEAL from judgments of the Superior Court of Fresno County.  Monica R. Diaz, Judge.

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Darren K. Indermill, Jeffrey D. Firestone, Louis M. Vasquez, Kari Mueller and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

<sup>*</sup>     Before Franson, Acting P. J., Smith, J. and Meehan, J.

Defendant Thomas Bain pled no contest to two counts of stalking while subject to a restraining order (charged in two separate cases). He was sentenced to a total term of five years' imprisonment, which included an upper term sentence on one count of conviction. On appeal, defendant contends that his sentence must be vacated, and his case remanded for resentencing in light of Senate Bill No. 567's (2021–2022 Reg. Sess.) (Senate Bill 567) amendments to Penal Code section 1170, subdivision (b).[1] The People concede the issue. We accept the People's concession, vacate defendant's sentence, and remand for resentencing consistent with amended section 1170, subdivision (b). In all other respects, we affirm.

## PROCEDURAL SUMMARY

On June 14, 2021, the Fresno County District Attorney filed an information in Fresno County Superior Court case No. F20905361, charging defendant with stalking while subject to a restraining order (§ 646.9, subd. (b); count 1), and four counts of misdemeanor disobeying a domestic relations restraining order (§ 273.6, subd. (a); counts 2–5). The information further alleged defendant suffered a prior strike conviction within the meaning of the "Three Strikes" law (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

On the same date, the Fresno County District Attorney filed an information in Fresno County Superior Court case No. F20907735, charging defendant with stalking while subject to a restraining order (§ 646.9, subd. (b); count 1), and 11 counts of misdemeanor contempt of a court by violating a domestic violence restraining order (§ 166, subd. (c)(1); counts 2–12). As to count 1, the information alleged that defendant was on release from custody on bail or on his own recognizance on the date he committed the offense. The information further alleged defendant suffered a prior strike conviction (§§ 667, subds. (b)–(i), 1170.12, subds. (a)–(d)).

---

[1] All statutory references are to the Penal Code.

On July 22, 2021, pursuant to a negotiated plea agreement, defendant pled no contest to count 1 in case No. F20907735 and count 1 in case No. F20905361. In both cases, he admitted the prior strike conviction allegation. According to the terms of the plea agreement, defendant would receive a maximum sentence of four years on count 1 of case No. F20905361, and two years on count 1 of case No. F20907735. Pursuant to the plea agreement, the remaining counts and allegations were dismissed on the prosecutor's motion.

On September 30, 2021, the trial court struck the prior prison term allegation in both cases and sentenced defendant to a total term of five years in prison as follows: on count 1 of case No. F20905361, four years (the upper term); on count 1 of case No. F20907735, one year (one-third of the middle term), consecutive to the sentence in case No. F20905361.

On November 1, 2021, defendant filed notices of appeal in both cases.

## DISCUSSION[2]

### I. Senate Bill 567

Defendant contends that we must vacate the sentences and remand the matters because he did not admit, and the jury did not find true, with the exception of one prior strike conviction, the facts underlying the circumstances in aggravation that the trial court relied upon in imposing the upper term in case No. F20905361, nor did the trial court rely upon a certified record of conviction. The People concede that defendant's sentence should be vacated, and the matter remanded for resentencing in light of the changes effected by Senate Bill 567. We accept the People's concession.

---

[2] Because defendant raises only sentencing issues, the facts underlying the offenses are not relevant and are omitted from this opinion.

## A. Additional Background

The probation officer recommended the trial court find true four circumstances in aggravation and no circumstances in mitigation. The circumstances in aggravation included two related to the circumstances of the offenses of conviction and two related to defendant's history:

> "[(1)] The manner in which the crime was carried out indicates planning, sophistication or professionalism.
>
> "[(2)] The defendant took advantage of a position of trust or confidence to commit the offense. [¶] … [¶]
>
> "[(3)] The defendant has engaged in violent conduct which indicates a serious danger to society.
>
> "[(4)] The defendant's prior convictions as an adult or sustained petitions in juvenile delinquency proceedings are numerous or of increasing seriousness."

The probation officer identified that defendant had suffered four prior convictions, including the prior strike conviction.

The trial court did not discuss any aggravating or mitigating circumstances in the context of selecting a term of imprisonment at the sentencing hearing or explain the reasons for its imposition of the upper term for count 1 of case No. F20905361. However, the trial court did comment on overlapping considerations in considering whether to strike defendant's prior strike conviction and whether to grant probation:

> "THE COURT: All right. I will admit this case was a difficult one in looking at … defendant's prior criminal history. His criminal history is dated in that the strikes were in fact from 1997, and then there was some intervening misdemeanor conduct, domestic violence related that's also aged. I agree with the People, however, in that the facts of the prior are remarkably consistent with what we have here in the two current cases, and it is extremely concerning to this Court. I know that Defense Counsel has noted a couple of times that there was no physical violence here, but this Court disagrees with Defense in that relentless, repetitive behavior such as exhibited by the defendant in this case can be equally as terrifying and traumatizing to the victim as physical abuse in that emotional,

psychological trauma that it creates.  And I will say that in reading this RPO there's nothing about this case that is not serious.  This is stalking behavior at its best.  And it is extremely concerning in light of his prior criminal history.  I do intend on striking the strike, but I am not going to grant probation in this case.  I don't think it's appropriate, based on what I just stated."

**B.  Analysis**

From March 30, 2007, to January 1, 2022, California's determinate sentencing law specified that "[w]hen a judgment of imprisonment [wa]s to be imposed and the statute specifie[d] three possible terms, the choice of the appropriate term … rest[ed] within the sound discretion of the court."  (§ 1170, former subd. (b).)

Effective January 1, 2022, Senate Bill 567 amended section 1170, subdivision (b). (Stats. 2021, ch. 731, § 1.3.)  Section 1170, subdivision (b)(2) now provides, "[t]he court may impose a sentence exceeding the middle term only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial."  (§ 1170, subd. (b)(2).)  As an exception to the general rule, a trial court is permitted to rely upon a certified record of conviction to determine prior criminality for purposes of sentencing without submitting the prior conviction to a jury. (§ 1170, subd. (b)(3).)  Further, section 1170, subdivision (b)(5) requires the trial court to "set forth on the record the facts and reasons for choosing the sentence imposed."

As a threshold matter, the parties agree, as do we, Senate Bill 567 is retroactive to cases not yet final on appeal pursuant to *In re Estrada* (1965) 63 Cal.2d 740 (see *People v. Flores* (2022) 73 Cal.App.5th 1032, 1038–1039 [remanding for resentencing under another ameliorative amendment to section 1170 by Senate Bill 567]) and defendant's sentence is not yet final on appeal.

As the parties agree, the aggravating circumstances relied upon by the trial court were not found true by the jury, admitted by defendant (except for one prior strike

5.

conviction), or found true in reliance on a certified record of defendant's prior convictions. Further, the trial court did not "set forth on the record the facts and reasons for choosing the sentence imposed." (§ 1170, subd. (b)(5).) The upper-term sentence on count 1 of case No. F20905361 was therefore inconsistent with the requirements of amended section 1170, subdivision (b).[3] We therefore vacate defendant's sentence on both cases and remand for resentencing.

We take no position on how the trial court should exercise its discretion.

## DISPOSITION

Defendant's sentence is vacated in case Nos. F20907735 and F20905361, and the matters are remanded for resentencing consistent with amended section 1170, subdivision (b). In all other respects, the judgments are affirmed.

---

[3] The People do not argue that any error on this issue was harmless, and we therefore do not consider harmlessness.

6.